UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| STANLEY "DUKE" BENNETT, RICHARD HOWARD, SUSAN WELCH, AARON VANCE, WARREN DE WILDT, AND UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, LOCAL 1996, <br><br> on behalf of themselves and all others similarly situated, <br><br><div align="center">Plaintiffs,</div><br> v. <br><br> ROARK CAPITAL GROUP, INC.; ROARK CAPITAL PARTNERS, LP; ROARK CAPITAL PARTNERS PARALLEL, LP; and RC WOOD STRUCTURES HOLDING CORP., <br><br><div align="center">Defendants.</div> | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 09-421 |

## <u>FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiffs, Stanley "Duke" Bennett, Richard Howard, Susan Welch, Aaron Vance and Warren de Wildt, on behalf of themselves and all others similarly situated, and United Brotherhood of Carpenters and Joiners of America, Local 1996 ("the Union" or "Local 1996"), on behalf of employees whom it represents who were employed by Wood Structures, Inc., by and through the undersigned counsel, complain of Defendants Roark Capital Group, Inc., Roark Capital Partners, LP, Roark Capital Partners Parallel, LP, and RC Wood Structures Holding Corp. (jointly "Roark Capital"), as follows:

## <u>INTRODUCTION</u>

1.      This is an action on behalf of a class of approximately 180 former employees of Wood Structures, Inc., a wholly-owned subsidiary of Roark Capital, for failure to pay one week

of severance pay for every year of service in violation of the Maine Severance Pay Act, 26 M.R.S.A. Section 625-B; for failure to provide sixty (60) days' advance notice of a plant closing and/or mass lay off as required by the Worker Adjustment and Retraining Notification Act (the "WARN Act"), 29 U.S.C. Section 2101 *et seq.;* for violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1001 *et seq.*, by virtue of Wood Structures, Inc.'s failure to contribute, or to promptly contribute, money which it withheld from the employees' pay for contribution to a health care plan; for failure to provide employees with timely notice and opportunity to purchase health insurance upon the closing of Wood Structures, Inc. in violation of the Consolidated Omnibus Reconciliation Budget Act ("COBRA"), 29 U.S.C. Section 1161 *et seq.*; and for failure to pay wages and vacation pay as required by the Maine Employment Practices Act, 26 M.R.S.A Section 626. On or about March 16, 2009, Frank Paul, who upon information and belief was the president of and owned 1.88% of Wood Structures, Inc., without prior notice, informed employees at Wood Structures, Inc. that they were being placed on "unpaid leave" for an indefinite period of time pending bankruptcy proceedings.  On or about March 18, 2009, employees at Wood Structures, Inc. were notified that they were being placed on permanent layoff, which took effect immediately.  This complaint alleges that Wood Structures, Inc. and one or more of the Defendants which comprise Roark Capital, are a single employer, integrated enterprise, and/or joint employer and that therefore one or more of the Defendants which comprise Roark Capital is liable to the class for unpaid WARN Act pay, for unpaid medical bills or delayed health care contributions due pursuant to ERISA, and for unpaid wages and accrued vacation.  The complaint further alleges that each of the four defendants directly or indirectly owned or operated a covered establishment as these terms are defined by

2

the Maine Severance Pay Act and, therefore, are liable to the employees for unpaid severance pay.

## JURISDICTION AND VENUE

2.       Jurisdiction properly lies in this Court pursuant to 28 U.S.C. §1331; pursuant to 29 U.S.C. §2104(a)(5); pursuant to 29 U.S.C. §1132; and pursuant to the doctrine of supplemental jurisdiction with respect to the Maine Severance Pay Act and the Maine Employment Practices Act.  Venue properly lies in this Court pursuant to 28 U.S.C. §1391 and pursuant to 29 U.S.C. §1132(e)(2).

## JURY DEMAND

3.       Plaintiffs demand trial by jury of all claims, to the extent allowed by law.

## PARTIES

4.       Plaintiff Stanley "Duke" Bennett is a citizen of the United States and a resident of the State of Maine. At all times relevant to this action, Plaintiff Bennett was employed by Wood Structures, Inc.  At the time of the plant closing, Plaintiff Bennett was employed in outside sales, was classified as an exempt employee, and had worked for Wood Structures, Inc. for 37 years.

5.       Plaintiff Richard Howard is a citizen of the United States and a resident of the State of Maine. At all times relevant to this action, Plaintiff Howard was employed by Wood Structures, Inc.  At the time of the plant closing, Plaintiff Howard was employed in commercial sales, was classified as an exempt employee, and had worked for Wood Structures, Inc. for 27 years.

6.       Plaintiff Aaron Vance is a citizen of the United States and a resident of the State of Maine. At all times relevant to this action, Plaintiff Vance was employed by Wood Structures, Inc.  At the time of the plant closing, Plaintiff Vance was employed as a sawyer, a non-exempt

position, was a member of the United Brotherhood of Carpenters and Joiners of America, Local 1996, and had worked for Wood Structures, Inc. for 8 years.

7. Plaintiff Susan Welch is a citizen of the United States and a resident of the State of Maine. At all times relevant to this action, Plaintiff Welch was employed by Wood Structures, Inc. At the time of the plant closing, Plaintiff Welch was employed in accounts payable, was classified as a non-exempt employee, and had worked for Wood Structures, Inc. for 8 years.

8. Plaintiff Warren de Wildt is a citizen of the United States and a resident of the State of Maine. At all times relevant to this action, Plaintiff de Wildt was employed by Wood Structures, Inc. At the time of the plant closing, Plaintiff de Wildt was employed in the design department was classified as an exempt employee, and had worked for Wood Structures, Inc. for 11 years. During his employment, Plaintiff de Wildt obtained health insurance benefits for himself and his wife through Wood Structures, Inc.'s self-funded Employee Health Benefit Plan ("EHBP"). Payments for this benefit were deducted from Plaintiff de Wildt's pay checks. Plaintiff de Wildt incurred medical expenses, which are covered by the EHBP but have not been paid.

9. Each of the named plaintiff employees is an "aggrieved employee" within the meaning of 29 U.S.C. Section 2104(a)(7). Each of the named plaintiff employees is also an employee within the meaning of 26 M.R.S.A. Section 625-B. Some but not all of the named plaintiff employees were participants in Wood Structures, Inc.'s EHBP, which was a self-funded plan with Harvard Pilgrim Health Care. Each of the named plaintiff employees is an employee within the meaning of 26 M.R.S.A. Section 626 and has not been paid for reporting to work on March 16, 2009 and has not been paid accrued vacation pay despite demanding such payment.

None of the named plaintiffs who were beneficiaries of Wood Structures, Inc.'s EHBP was given timely notice of and the opportunity to continue his or her health care coverage as required by COBRA upon the closing of Wood Structures, Inc.

10.     Plaintiff United Brotherhood of Carpenters and Joiners of America, Local 1996, was the collective bargaining representative of non-exempt hourly employees at Wood Structures, Inc. including Plaintiff Vance but excluding the other named plaintiff employees. Local 1996 is a representative of employees with standing to sue on behalf of aggrieved employees within the meaning of 29 U.S.C. Section 2104(a)(7).  Local 1996 is also a labor organization with standing to sue on behalf of its members within the meaning of 26 M.R.S.A. Section 625-B(4).

11.     Defendant Roark Capital Group is a corporation organized under the laws of the State of Georgia.  Upon information and belief, Roark Capital Group is the owner of Roark Capital Partners, LP and Roark Capital Partners Parallel, LP, and is the parent, grandparent, or great-grandparent corporation of Wood Structures, Inc., which did business at all relevant times in Biddeford and Saco, Maine as Wood Structures, Inc.

12.     Defendant Roark Capital Partners, LP is a corporation organized under the laws of the State of Delaware.  Upon information and belief, Roark Capital Partners, LP is a wholly-owned subsidiary of Roark Capital Group.  Upon information and belief, Roark Capital Partners, LP owned 96.23% of RC Wood Structures Holding Corp., which owned 98.12% of Wood Structures, Inc., and thus Roark Capital Partners, LP is  the parent or grandparent corporation of Wood Structures, Inc.

13.     Defendant Roark Capital Partners Parallel, LP is a corporation organized under the laws of the State of Delaware. Upon information and belief, Roark Capital Partners Parallel,

LP is a wholly-owned subsidiary of Roark Capital Group. Upon information and belief, Roark Capital Partners Parallel, LP owned 3.77% of RC Wood Structures Holding Corp., which owned 98.12% of Wood Structures, Inc, and thus Roark Capital Partners Parallel, LP is the parent or grandparent corporation of Wood Structures, Inc.

     14.    Defendant RC Wood Structures Holding Corp. is a corporation organized under the laws of the State of Delaware. Upon information and belief, RC Wood Structures Holding Corp. is a wholly-owned subsidiary of Roark Capital Partners, LP and Roark Capital Partners Parallel, LP. Upon information and belief, RC Wood Structures Holding Corp. owned 98.12% of Wood Structures, Inc. and thus is the parent corporation of Wood Structures, Inc.

## CLASS ALLEGATIONS

     15.    Plaintiffs bring this suit on behalf of themselves and others similarly situated and the employees represented by Local 1996 pursuant to 29 U.S.C. Section 2101(a)(4); pursuant to 29 U.S.C. Section 1161; pursuant to Rule 23 of the Federal and Maine Rules of Civil Procedure; and pursuant to 26 M.R.S.A. Sections 625-B(4) and 626.

     16.    Plaintiffs seek to represent five classes. Class 1 consists of all employees who were employed by Wood Structures, Inc. for more than 3 years and who were not paid severance pay when Wood Structures, Inc. closed on or about March 16, 2009. The class would include all "employees affected" as that term is defined under the Maine Severance Pay Act, 26 M.R.S.A. Section 625-B(4). Class 2 consists of employees employed by Wood Structures, Inc. at the Biddeford and Saco, Maine facilities who were terminated without 60 days' advance notice on or about March 16, 2009. The class would consist of all "affected employees" as that term is defined in Section 2(a)(5) of the WARN Act, 29 U.S.C. Section 2102(a)(5) . Class 3 consists of all employees who were "participants" in the health care plan as that term is defined by ERISA.

Class 4 consists of all employees as that term is defined by the Maine Employment Practices Act, 20 M.R.S.A. Section 626, who were not paid wages for reporting to work on March 16, 2009 and/or accrued vacation pay.  Class 5 consists of all employees who were beneficiaries of the EBHP and were not given timely notice of and were entitled to purchase health insurance pursuant to COBRA.

17.     There are questions of law and fact common to the classes, including the following:

(a)  whether Roark Capital is liable to class 1 for unpaid severance pay as an employer as that term is defined by 26 M.R.S.A. §625-B(1)(C) of the Maine Severance Pay Act.

(b)  whether Roark Capital is liable to class 2 for the obligations of Wood Structures, Inc. under the WARN Act because one or more of the Defendants and Wood Structures, Inc. constitute a single employer, integrated enterprise, or joint employer or because Wood Structures, Inc. was the agent of one of more of the Defendants;

(c)  whether Wood Structures, Inc. violated the WARN Act, 29 U.S.C. §2104(a)(1)(A), by failing to pay  class 2 sixty days of pay;

(d)  whether benefits provided to employees by Wood Structures, Inc. must be paid in addition to back pay under the WARN Act;

(e) whether Roark Capital is liable to class 3 for the obligations of Wood Structures, Inc. under ERISA because one or more of the Defendants and Wood Structures, Inc. constitute a single employer, integrated enterprise, or joint employer or because Wood Structures, Inc. was the agent of one of more of the Defendants;

(f) whether Wood Structures, Inc. is liable to class 3 under ERISA for withholding moneys from the periodic pay of the class and/or failing to promptly contribute such withholding to the health care plan;

(g) whether Wood Structures, Inc. is liable to class 3 for medical bills and expenses which employees in class 3 incurred which have not been paid and which they otherwise would not have incurred had Wood Structures, Inc. timely remitted premiums which it owed on behalf of the employees in class 3 and which it withheld from their paychecks;

(h) whether Roark Capital is liable to class 4 for the obligations of Wood Structures, Inc. under the Maine Employment Practices Act because one or more of the Defendants and Wood Structures, Inc. constitute a single employer, integrated enterprise, or joint employer or because Wood Structures, Inc. was the agent of one of more of the Defendants;

(i) whether Wood Structures, Inc. is liable to class 4 for unpaid wages and an additional sum equal to twice the amount of unpaid wages for all hours of work which the employees reported or performed on March 16, 2009;

(j) whether Wood Structures, Inc. is liable to employees in class 4 who were represented by Local 1996 for 4 hours of unpaid wages and an additional sum equal to twice the amount of unpaid wages for hours of work which the employees reported or performed on March 16, 2009;

(k) whether Wood Structures, Inc. is liable to class 4 for unpaid accrued vacation pay and an additional sum equal to twice the amount of unpaid vacation pay;

(l) whether Roark Capital is liable to class 5 for the obligations of Wood Structures, Inc. under COBRA because one or more of the Defendants and Wood Structures, Inc.

constitute a single employer, integrated enterprise, or joint employer or because Wood
Structures, Inc. was the agent of one or more of the Defendants;

   (m) whether Wood Structures, Inc. is liable to class 5 for penalties for failure to
timely provide employees with notice of  the right to purchase health insurance pursuant to
COBRA.

   (n) whether Wood Structures, Inc. is liable to class 5 for medical bills and
expenses which employees in class 5 incurred which they otherwise would not have incurred had
they been provided with timely notice of the right to purchase health insurance pursuant to
COBRA.

  18. The claims of the named plaintiff employees are typical of the classes they seek to
represent, and they will adequately represent the interests of the class.

  19. The claims of Local 1996 are typical of its members the union seeks to represent
and Local 1996 will adequately represent the interests of its members.

  20. The questions of law or fact common to the members of the five classes
predominate over any questions affecting only individual members as all members were
employees of the same employer at the same locations; were all denied severance pay under the
Maine Severance Pay Act; were all denied 60 days' notice of plant closing or mass lay off as
required by the WARN Act; all had money withheld from their weekly pay which Wood
Structures, Inc. failed to contribute, or failed to contribute promptly, to the health care plan if
they were participating in the plan; were all denied pay for work on March 16, 2009 and/or were
denied vacation pay; and were all denied timely notice of their right to purchase health insurance
pursuant to COBRA if they were beneficiaries of the EHBP.

21.     Maintenance of this action will promote the efficient administration of justice by obviating the need of numerous individual members, many of whom do not have resources to independently retain counsel, to commence their own actions.

22.     Maintenance of this action as a class action will promote the equitable administration of justice since pursuing claims on an individual basis would be disproportionately expensive.

23.     Maintenance of this action as a class action is unlikely to impose burdens upon the Court other than those which would be encountered if the action proceeded as an action on behalf of the named Plaintiffs.

24.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

25.     The prosecution of separate actions by individual members of the classes would create a risk of inconsistent adjudication with respect to individual members of the classes which would establish incompatible standards of conduct for the party(ies) opposing the classes.

26.     The prosecution of separate actions by individual members of the classes would create a risk of adjudication with respect to individual members of the classes which would, as a practical matter, substantially impair or impede their ability to protect their interests.

**<u>FACTUAL ALLEGATIONS</u>**

27.     On or about March 16, 2009, Wood Structures, Inc. announced to employees who reported to work as scheduled that day that a Chapter 11 bankruptcy, filed on March 3, 2009, was being converted to a liquidation pursuant to Chapter 7 of the Bankruptcy code, placed employees on an "unpaid leave of absence for the week beginning Monday, March 16," and

declared that future employment status would "be determined by the [Bankruptcy] Trustee once the Company converts its bankruptcy petition to a Chapter 7 case."

28.     On or about March 18, 2009, Wood Structures, Inc. issued a "permanent layoff notice" to all employees of Wood Structures, Inc.  The notice said "the Company's bankruptcy petition will be converted to a Chapter 7 on or about March 18, 2009, and it is possible that the Bankruptcy Trustee will require layoffs on March 18, 2009, or within a 14 day period beginning on this date."

29.     On or about April 3, 2009, the Wood Structures, Inc. Chapter 11 bankruptcy was converted to a Chapter 7 bankruptcy.

30.     Employees of Wood Structures, Inc. were never called back to work after March 16, 2009 nor informed their jobs were formally terminated.

31.     For a period of at least 12-months preceding the cessation of its business, Wood Structures, Inc. employed more than 100 employees at its site of employment in Biddeford, Maine

32.     Since on or about March 16, 2009, there has been a substantial cessation of industrial operations at Wood Structures, Inc.

33.     Since on or about March 16, 2009, there has been a substantial cessation of commercial operations at Wood Structures, Inc.

34.     Wood Structures, Inc. withheld money from some of the Plaintiffs and failed to contribute the money that it withheld, and/or failed to promptly contribute the money that it withheld from Plaintiffs from whom it withheld money, to its EHBP.

35.     At all relevant times herein, one or more of the Defendants which comprise Roark Capital directly or indirectly owned Wood Structures, Inc. as its parent, grandparent, and or great-grandparent corporation.

36.     At all relevant times herein, there was common ownership of Wood Structures, Inc. and one or more of the Defendants which comprise Roark Capital.

37.     At all relevant times herein, there were common directors and/or officers of Wood Structures, Inc. and one or more of the Defendants which comprise Roark Capital.

38.     At all relevant times herein, one or more of the Defendants which comprise Roark Capital exercised de facto control over Wood Structures, Inc..

39.     At all relevant times herein, one or more of the Defendants which comprise Roark Capital and Wood Structures, Inc. had common personnel policies emanating from a common source.

40.     At all relevant times herein, Wood Structures, Inc.'s operations were dependent upon one or more of the Defendants which comprise Roark Capital.

41.     At all relevant times herein, one or more of the Defendants which comprise Roark Capital exercised centralized control over Wood Structures Inc.'s labor relations.

42.     At all relevant times herein, one or more of the Defendants which comprise Roark Capital and Wood Structures, Inc. had common management.

## CAUSES OF ACTION
## <u>COUNT I</u>
## (Maine Severance Pay Act)

43.     Plaintiffs repeat and reallege paragraphs 1 through 42 as though fully set forth herein.

44.     Wood Structures, Inc. owned and operated a covered establishment within the meaning of 26 M.R.S.A. § 625-B(1)(A) insofar as it employed over 100 employees for at least 12-months prior to the terminations commencing on or about March 16, 2009.

45.     Wood Structures, Inc. is an "employer" within the meaning of 26 M.R.S.A. § 625-B(1)(C).

46.     Defendant Roark Capital and/or one or more of the entities which comprise Roark Capital is the parent corporation and/or a person who directly or indirectly owned and operated Wood Structures, Inc. within the meaning of 26 M.R.S.A. § 625-B(1)(C).

47.     Defendant Roark Capital and/or one or more of the entities which comprise Roark Capital is a person who has owned and operated Wood Structures, Inc. for more than three (3) years.

48.     Defendant Roark Capital and/or one or more of the entities which comprise Roark Capital is an employer within the meaning of the Maine Severance Pay Act, 26 M.R.S.A. § 625-B(1)(C).

49.     Defendant Roark Capital and/or one or more of the entities which comprise Roark Capital is liable to employees in class 1 as the parent corporation of Wood Structures, Inc. for severance pay in accordance with 26 M.R.S.A. Section 625-B(1)(C) and (2).

## COUNT II
### (WARN Act)

50.     Plaintiffs repeat and reallege paragraphs 1 through 49 as though fully set forth herein.

51.     Wood Structures, Inc. is an "employer" within the meaning of the WARN Act, 29 U.S.C. Section 2101(a)(1).

52.     Commencing on or about March 16, 2009, and continuing thereafter, Wood Structures, Inc. effected a "plant closing and/or mass lay off" as those terms are defined in 29 U.S.C. Section 2101(A)(2)(3), by terminating the jobs of over 100 employees from their site of employment at Wood Structures, Inc. in Biddeford, Maine.

53.     The plant closing and/or mass lay off resulted in "employment losses" as that term is defined in 29 U.S.C. Section 2101(a)(6), during the ninety (90) day period beginning March 16, 2009, for at least fifty (50) employees, excluding "part-time employees" as that term is defined in 29 U.S.C. Section 2101(a)(8).

54.     Wood Structures, Inc. did not give any prior written notice of the plant closing or mass layoff to any "affected employee," as those terms are defined in 29 U.S.C. Section 2101(a)(5), nor upon information and belief did Wood Structures, Inc. serve any prior written notice of this order to any state dislocated worker unit or local government.

55.     Wood Structures, Inc. ordered a plant closing and/or mass lay-off in violation of Section 3 of the WARN Act, 29 U.S.C. Section 2101 et seq.

56.     Defendant Roark Capital and/or one or more of the entities which comprise Roark Capital is an "employer" within the meaning of the WARN Act, 29 U.S.C. Section 2101(a)(1).

57.     Defendant Roark Capital and/or one or more of the entities which comprise Roark Capital is liable to employees in class 2 as a single employer, integrated enterprise, joint

employer or agent for the plant closing and/or mass layoff which occurred at Wood Structures, Inc. on or about March 16, 2009.

<div align="center">

**COUNT III**
**(ERISA)**

</div>

58.     Plaintiffs repeat and reallege paragraphs 1 through 57 as though fully set forth herein.

59.     ERISA Sections 302(c)(11) and 402(b), 29 U.S.C. §§1082(c)(11) and 1102(b), require that an employer make timely contributions to an employee benefit plan.

60.     ERISA Section 404, 29 U.S.C. §1104(a), requires that plan fiduciaries act solely in the interest of plan participants.

61.     Use of plan assets for a fiduciary's own interest is a prohibited transaction under ERISA Section 406(b)(1), 29 U.S.C. §1106(b)(1).

62.     Employee wage deductions intended as health care plan contributions are plan assets under ERISA.

63.     Wood Structures, Inc. is an "employer" and a plan fiduciary within the meaning of ERISA, 29 U.S.C. Section 1001 *et seq.*

64.     Wood Structures, Inc. withheld money from Plaintiffs and failed to contribute the money that it withheld, and/or failed to promptly contribute the money that it withheld, from Plaintiffs to its EHBP in violation of ERISA.

65.     Roark Capital and/or one or more of the entities which comprise Roark Capital is an "employer" within the meaning of ERISA, 29 U.S.C. Section 1001 *et seq.*

66.     Defendant Roark Capital and/or one or more of the entities which comprise Roark Capital is liable as a single employer, integrated enterprise, and/or joint employer, and/or agent

of Wood Structures, Inc. for the contributions which Wood Structures, Inc. failed to make or failed to make promptly to the EHBP.

67.     Defendant Roark Capital and/or one or more of the entities which comprise Roark Capital is liable as a single employer, integrated enterprise, and/or joint employer, and/or agent of Wood Structures, Inc. for the unpaid medical bills which employees in class 3 incurred as a result of Wood Structures, Inc.'s failure to tender or failure to tender promptly contributions withheld from employees in class 3 to the health care plan.

## COUNT IV
(For Unpaid Wages and Vacation Pay )

68.     Plaintiffs repeat and reallege paragraphs 1 through 67 as though fully set forth herein.

69.     The Maine Employment Practices Act, 26 M.R.S.A Section 626, requires that an employer pay employees whom it has terminated wages and accrued vacation pay upon demand or at the next regularly scheduled pay day.

70.     The individual named plaintiffs were employees within the meaning of 26 M.R.S.A. Section 626.

71.     Wood Structures, Inc. employees were suffered to report to work on March 16, 2009, and then advised at a company-wide meeting that Wood Structures, Inc. had filed for Chapter 11 bankruptcy and that they should go home and not report to work until further notice.

72.     Under the terms of Article VIII, Section 1 of the collective bargaining agreement between Local 1996 and Wood Structures, Inc., employees who reported to work on March 16, 2009 were entitled to four hours of pay.  That provision states, "A regular employee who reports for work at the starting time of his/her shift shall receive either four (4) hours pay or four (4)

hours work unless prevented from working by circumstances beyond the control of the Company (i.e., power failure, flood, fire, Act of God)."

73.     None of the employees represented by Local 1996 who reported to work on March 16, 2009 have been paid four (4) hours of pay for reporting to work on that date.

74.     None of the employees who were not represented by Local 1996 who reported to work on March 16, 2009 have been paid for reporting to work on that date.

75.     The named plaintiffs have demanded payment of wages for reporting to  work on March 16, 2009 for themselves on behalf of the members of class 4.

76.     Local 1996 has demanded payment of wages for reporting to work on March 16, 2009 by the employees it represented at Wood Structures, Inc.

77.     Defendant Roark Capital and/or one or more of the entities which comprise Roark Capital is liable to employees in class 4 who reported for work on March 16, 2009 and who were represented by Local 1996 for four (4) hours of pay at their regularly hourly rate plus an amount equal to twice the amount due such employees, as a single employer, integrated enterprise, joint employer or agent of Wood Structures, Inc.

78.     Defendant Roark Capital and/or one or more of the entities which comprise Roark Capital is liable to employees in class 4 who reported for work on March 16, 2009 and who were not represented by Local 1996 for pay at their regularly hourly rate plus an amount equal to twice the amount due such employees for all hours that they were due for reporting to work on March 16, 2009, as a single employer, integrated enterprise, joint employer or agent of Wood Structures, Inc.

79.     The named plaintiffs each had accrued vacation pay as of the last day of work at Wood Structures, Inc. on March 16, 2009.

80.     Wood Structures, Inc.'s usual practice was to pay accrued but unused vacation time when an employee was laid off or otherwise separated from employment.

81.     The individual named plaintiffs have demanded payment of their unpaid accrued vacation pay.

82.     Local 1996 has demanded payment of unpaid accrued vacation pay for the employees it represented at Wood Structures, Inc.

83.     None of the named plaintiffs or the employees represented by Local 1996 has been paid accrued vacation pay.

84.     Wood Structures, Inc. is liable to all employees in class 4 who had accrued vacation pay for their hours of accrued pay at their regular hourly rate plus an amount equal to twice the amount due for the unpaid accrued vacation pay.

85.     Defendant Roark Capital and/or one or more of the entities which comprise Roark Capital is liable to employees in class 4 who had accrued vacation pay for their hours of accrued pay at their regular hourly rate plus an amount equal to twice the amount due for the unpaid accrued vacation pay, as a single employer, integrated enterprise, joint employer or agent of Wood Structures, Inc.

### COUNT V
#### (For Violation of COBRA)

86.     Plaintiffs repeat and reallege paragraphs 1 through 85 as though fully set forth herein.

87.     COBRA requires that upon the layoff or termination of an employee, absent egregious misconduct on the part of the employee, if the employee was covered by health insurance under a health insurance plan offered by the employer, that the plan administrator must

notify the laid off or terminated employee within 14 days of the opportunity to purchase health insurance at 102% of the cost of such insurance to the employer.

88.     Wood Structures, Inc. was the plan administrator for the health plan that it offered to its employees.

89.     Wood Structures, Inc. failed to notify its employees who were participants in and beneficiaries of its EBHP of their opportunity to purchase coverage under the plan at 102% of the cost to Wood Structures, Inc. within 14 days of the plant closing.

90.     Wood Structures, Inc. violated COBRA by failing to notify its employees who were participants in its EBHP of their opportunity to purchase coverage under the plan at 102% of the cost to Wood Structures, Inc. within 14 days of the plant closing.

91.     Wood Structures, Inc. is liable to its employees in class 5 who participated in and were beneficiaries of its EBHP for a penalty of $110 per day for each day that it did not notify such employees of their opportunity to purchase coverage under the plan at 102% of the cost to Wood Structures, Inc. within 14 days of the plant closing.

92.     Defendant Roark Capital and/or one or more of the entities which comprise Roark Capital is liable to employees in class 5 who were not notified by Wood Structures, Inc. of their opportunity to purchase coverage under the EBHP at 102% of the cost to Wood Structures, Inc. within 14 days of the plant closing, as a single employer, integrated enterprise, joint employer or agent of Wood Structures, Inc.

## COUNT VI
### (Piercing the Corporate Veil)

93.     Plaintiffs repeat and reallege paragraphs 1 through 92 as though fully set forth herein.

94.     At numerous times and in numerous ways, Defendant Roark Capital has directly and by and through the use of other business entities used the assets of Wood Structures, Inc. for the benefit of itself and for the benefit of other business entities which it owns or controls.

95.     At numerous times and in numerous ways, Defendant Roark Capital has directly and by use of other business entities commingled the assets of Wood Structures, Inc. with their own assets and the assets of other business entities, to the extent that Roark Capital and the other business entities may be held liable for the obligations of Wood Structures, Inc. to pay the affected employees severance pay, WARN Act pay, the health care contributions and bills which the employees would not have incurred, unpaid wages and vacation pay, and the $110/day penalty for failure to notify of the opportunity to purchase coverage under the health plan within 14 days of the plant closing.

96.     At numerous times and in numerous ways, Defendant Roark Capital has directly and by and through the use of other business entities dominated and controlled the operation and assets of Wood Structures, Inc. in such a manner as to forfeit the protection against liability usually afforded by the corporate form.

97.     Plaintiffs seek to pierce the corporate veil of Wood Structures, Inc. so as make Defendant Roark Capital liable to the affected employees for severance pay in accordance with the Maine Severance Pay Act; WARN Act pay; and contributions to the health care plan and bills which should have been covered by the EHBP, unpaid wages and vacation pay, and the $110/day penalty for failure to notify of the opportunity to purchase coverage under the health

plan within 14 days of the plant closing, plus costs, pre-judgment and post-judgment interest, penalties, and attorney's fees.

WHEREFORE, the Plaintiffs seek a judgment ordering Defendant Roark Capital and/or the other business entities which comprise Roark Capital to pay the health care plan unpaid health care contributions withheld from paychecks of Wood Structures, Inc. employees; and to pay the affected employees all amounts owed to them by Wood Structures, Inc. as severance pay in accordance with the Maine Severance Pay Act, WARN Act pay, unpaid medical expenses incurred by employees that should have been covered by the EHBP, penalties under ERISA for failure to contribute to the health care plan the compensation that was deducted from employee paychecks,  unpaid wages for reporting to work on March 16, 2009 and for accrued vacation pay under the Maine Employment Practices Act, and the $110/day penalty for failure to notify of the opportunity to purchase coverage under the health plan within 14 days of the plant closing, plus costs, pre-judgment and post-judgment interest, penalties, and attorney's fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that the Court grant such relief as follows:

A.     On Counts I and VI, order Defendant Roark Capital and/or the business entities which comprise Roark Capital to pay all employees in class 1 severance pay in accordance with the Maine Severance Pay Act in the amount of one (1) week's pay for each year of employment at the Biddeford and Saco, Maine facilities, plus costs, pre-judgment and post-judgment interest, attorney's fees, and such additional relief as this Court deems appropriate.

B.     On Counts II and VI, order Defendant Roark Capital and/or the business entities which comprise Roark Capital to pay all employees in class 2, sixty (60) days' pay and benefits calculated pursuant to 29 U.S.C. Section 2104(a)(1); costs, including reasonable attorneys fees

and costs as allowed under 29 U.S.C. Section 2104(a)(6); pre-judgment and post-judgment interest; and such additional relief as the Court deems appropriate.

      C.      On Counts III and VI, order Defendant Roark Capital and/or the business entities which comprise Roark Capital to make the health care plan whole for any money withheld by Wood Structures, Inc. from the pay checks of employees in class 3 which Wood Structures, Inc. failed to contribute and to pay penalties as permitted by ERISA Section 502(c)(1) and/or order Defendant Roark Capital to reimburse employees in class 3 who participated in the health plan for all medical expenses which they incurred which otherwise would have been covered by the plan but for Roark Capital's failure to tender or failure to promptly tender contributions to the plan;

      D.      On Counts IV and VI, order Defendant Roark Capital and/or the business entities which comprise Roark Capital to pay all employees in class 4 who were represented by Local 1996 and who reported to work on March 16, 2008 four (4) hours of pay at their regularly hourly rate plus an amount equal to twice the amount due such employees.

      E.      On Counts IV and VI, order Defendant Roark Capital and/or the business entities which comprise Roark Capital to pay all employees in class 4 who were not represented by Local 1996 and who reported to work on March 16, 2008 pay at their regularly hourly rate plus an amount equal to twice the amount due such employees for reporting to work on March 16, 2008.

      F.      On Counts IV and VI, order Defendant Roark Capital and/or the business entities which comprise Roark Capital to pay all employees in class 4 who had unpaid accrued vacation pay their unpaid accrued vacation pay at their regularly hourly rate plus an amount equal to twice the amount due such employees.

      G.      On Counts V and VI, order Defendant Roark Capital and/or the business entities

which comprise Roark Capital to pay each employee who was a participant in the health care plan a penalty of $110 per day for each day that Roark Capital failed to notify them of their right to purchase health insurance at 102% of the cost to Wood Structures, Inc. following the plant closing.

H.     On all Counts, order Defendant Roark Capital and/or the business entities which comprise Roark Capital to pay pre-judgment and post-judgment interest, expert fees, costs, and reasonable attorneys' fees;

I.     Order such other relief as this Court deems appropriate.

Respectfully submitted,

Dated: October 15, 2009

/s/ Jeffrey Neil Young
Jeffrey Neil Young
McTEAGUE, HIGBEE, CASE, COHEN,
    WHITNEY & TOKER, P.A.
Four Union Park
P.O. Box 5000
Topsham, ME 04086
(207) 725-5581
jyoung@me-law.com


/s/ Maria Fox
Maria Fox
LAW OFFICE OF MARIA FOX
415 Congress Street, Suite 202
Portland, ME  04101
(207) 699-1367
mariafox@mfoxlawoffice.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Jeffrey Neil Young, do hereby certify that on October 15, 2009, I electronically filed Plaintiffs' First Amended Complaint and Demand for Jury Trial with the Clerk of Court using the CM/ECF system which will send notification of such filing to Michael A. Nelson, Esq. at mnelson@jbgh.com, and I hereby certify that on October 16, 2009, I mailed by U.S. Postal Service, the document to Bruce E. Falby, Esq., DLA Piper, 33 Arch Street, 26th Floor, Boston, MA 02110-1447.

/s/ Jeffrey Neil Young
Jeffrey Neil Young