UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| STANLEY "DUKE" BENNETT, et al.,<br><br>    Plaintiffs,<br>v.<br><br>ROARK CAPITAL GROUP, INC., et al.,<br>    Defendants. | Civil Action No.  2:09-cv-00421-GZS |

**Order Certifying Settlement Class, Preliminarily Approving Settlement,
Directing Notice to the Class and Establishing Schedule for Further Action**

Having fully reviewed the Motion for Preliminary Approval of Class Action Settlement, the supporting memorandum of law, the Declaration of Jeffrey Neil Young, the Stipulation of Settlement Between Plaintiffs and Defendants (the "Settlement Agreement"), the proposed Notice of Proposed Class Action Settlement, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class action settlement, and if preliminarily determined to be reasonable, to ensure proper notice is provided to Class Members in accordance with due process requirements; and to conduct a final approval hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, THE COURT HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS:

    1.    The Court finds, on a preliminary basis, that the Stipulation of Settlement, incorporated in full by this reference and made a part of this Order, appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court. The Court notes that the Roark Defendants[1] have agreed to pay or cause to be paid the total sum of $1,100,000 to the Class Members and Class Counsel,

---
[1] Capitalized terms not defined herein have the meaning given to them in the Stipulation of Settlement.

in full satisfaction of the claims as more specifically described in the Settlement Agreement.

It further appears to the Court, on a preliminary basis, that the Settlement Agreement is fair and reasonable to Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals of rulings. It further appears that significant informal discovery, investigation, research, and litigation have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions. It further appears that settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation. It also appears that the proposed Settlement Agreement has been reached as the result of intensive, informed and non-collusive negotiations between the Parties.

Accordingly, good cause appearing, the Motion For Preliminary Approval Of Class Action Settlement (Docket # 93) is hereby GRANTED; and the Court hereby temporarily and conditionally certifies, for settlement purposes only pursuant to the terms and conditions contained in the settlement agreement, the following classes, collectively defined as "the Class":  All persons who were employed by WSI on March 16, 2009, or who were laid off from WSI either permanently or temporarily within 91 days prior to March 16, 2009, and any other persons who were covered by the WSI health and/or dental insurance plan ("the Plan"), who incurred costs of treatment, which should have been covered by the Plan, and whose health or dental claims were received and adjudicated by Health Plans, Inc. prior to the Plan termination as of April 6, 2009.

2.     The Court finds that the Notice of Proposed Class Action Settlement (the "Notice") advises of the pendency of the Litigation and of the proposed Settlement, of the Court's preliminary approval of the proposed Settlement, of the timing and procedures for Class Members to request exclusion from the Class and the Settlement (i.e., to opt out), and of the Final Approval Hearing.  These documents fairly and adequately advise Class Members of:  the terms of the proposed Settlement and the benefits available to Class Members thereunder; their right to request exclusion from (or to "opt-out" of) the Class and the procedures for doing so; their right to file documentation in support or in opposition to the Settlement and procedures for doing so; and the date, time and location of the Final Approval Hearing and the procedures that Class Members must follow to be heard at the Final Approval Hearing.  The Court further finds that said Notice comports with all Constitutional requirements including those of due process.

Accordingly, good cause appearing, the Court hereby APPROVES the proposed Notice of Proposed Class Action Settlement.

3.     The Court finds that mailing the Notice to the present and/or last known addresses of the Class Members constitutes an effective method of notifying Class Members of the Litigation, the proposed Settlement, and their rights with respect to it. ACCORDINGLY, IT IS HEREBY ORDERED that, within 11 calendar days of entry of this Order, Class Counsel shall mail to each Class Members, by first class, postage pre-paid, the Notice.  All mailings shall be made to the present and/or last known mailing address of the Class Members based on records obtained from the Wood Structures, Inc, Bankruptcy Trustee and from the successor to Total Structural Solutions Corporation, as well as addresses that may be located by the Plaintiffs, who will conduct standard address

searches in cases of returned mail. The Court finds that the mailing of notices to Class Members as set forth in this paragraph is the best means practicable by which to reach Class Members and is reasonable and adequate pursuant to all constitutional and statutory requirements including all due process requirements.

  4. IT IS FURTHER ORDERED that (a) all requests for exclusion ("opt-out requests") must be mailed to Class Counsel in the form described in the Notice within 30 calendar days after mailing of the Notice; and (b) all objections to final approval of the Settlement must be filed with the Court and served on counsel for the Class and for Defendants within 30 calendar days after mailing of the Notice, all as described in the Notice.

  5. IT IS FURTHER ORDERED that the Final Approval Hearing shall be held on April 27, 2011 at 2:30 p.m. in Courtroom One at the Edward T. Gignoux United States Courthouse, 156 Federal Street, Portland, Maine 04101, to consider the fairness, adequacy and reasonableness of the proposed Settlement preliminarily approved by this Order, and to consider the application of Class Counsel McTeague, Higbee, Case, Cohen, Whitney & Toker, P.A. and Law Office of Maria Fox for an award of reasonable attorneys' fees, litigation expenses, and for costs of claims administration incurred (provided that, pursuant to the terms of the Settlement Agreement, any such award shall come out of the Settlement Amount).

  6. IT IS FURTHER ORDERED that all briefs in support of the proposed Settlement and fee and cost applications shall be served and filed with the Court on or before April 15, 2011.

7. IT IS FURTHER ORDERED that pending determination of whether this proposed Settlement should be granted final approval, no Class Member, either directly or representatively, or in any other capacity, shall commence or prosecute any action or proceeding asserting any of the Released Claims (as defined in the Settlement Agreement) against the Defendants or any Released Party (as defined in the Settlement Agreement) in any court or tribunal.

8. IT IS FURTHER ORDERED that any party to this case, including Class Members, may appear at the Final Approval Hearing in person or by counsel, and may be heard to the extent allowed by the Court, in support of or in opposition to, the Court's determination of the good faith, fairness, reasonableness and adequacy of the proposed Settlement, the requested attorneys' fees and litigation expenses, and any Order of Final Approval and Judgment regarding such Settlement, fees and expenses; provided, however, that no person, except Class Counsel and counsel for Defendants, shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice, which conditions are incorporated therein;

9. IT IS FURTHER ORDERED that in the event of the occurrence of the Effective Date, as defined in the Settlement Agreement, all Class Members, except those who have requested exclusion from the settlement, and their successors shall conclusively be deemed to have given full releases of any and all Released Claims against Defendants and the other Released Parties, and all such Class Members and their successors shall be permanently enjoined and forever barred from asserting any Released Claims against any Released Party.

10. IT IS FURTHER ORDERED that if, for any reason, the Court does not execute and file an Order of Final Approval, or if the Settlement Effective Date does not occur for any reason whatsoever, the proposed Settlement Agreement and the proposed Settlement subject of this Order and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the parties to the litigation as more specifically set forth in the Settlement Agreement.

11. IT IS FURTHER ORDERED that, pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time-to-time without further notice to the Class Members.

**IT IS SO ORDERED.**

                                          /s/ George Z. Singal  
                                          United States District Judge

Dated this 23rd day of February, 2011.