UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| STANLEY "DUKE" BENNETT, et al., on behalf of themselves and all others similarly situated,<br><br>                      Plaintiffs,<br><br>        v.<br><br>ROARK CAPITAL GROUP, INC., et al.<br><br>                      Defendants. | Civil Action No. 09-0421-GZS |

## DECLARATION OF SUSAN M. COLER

1.    I am an attorney licensed to practice in all Courts in the State of Minnesota. I am also licensed in Illinois.

2.    I graduated cum laude and Order of the Coif in 1989 from Northwestern University School of Law in Chicago, Illinois.

3.    I am a senior attorney with Halunen & Associates and practice law primarily in the area of employment and consumer class action litigation. I previously practiced at the law firms of Messerli & Kramer PA, and Sprenger & Lang PLLC.

4.    I have successfully litigated cases under the WARN Act to settlement and have been awarded fees constituting one third of a common fund. In particular, the United States District Court, District of South Dakota, in *Kirkvold et al. v. Dakota Pork Industries, Inc., et al.*, Court File No. Civ. 97-4166, issued a final order on February 26, 1999 awarding Plaintiffs' counsel 33% of the common fund amount recovered for a

WARN Act class. Also, in *In re NT Liquidation, Inc.*, *In re CML Group, Inc.*, Case Nos. 98-48196 and 98-48197 (W.D. Mass.), the United States Bankruptcy Court for the District of Massachusetts (Western Division), issued an order on October 31, 2001, awarding Plaintiffs' counsel 33 1/3% of the total payments made to the common fund on behalf of the WARN Act class.

5.  WARN Act cases are challenging to litigate and pose high risk for plaintiffs' law firms that take them on a contingency basis. These cases often involve companies in financial difficulty, require sophisticated legal analysis to prove WARN Act violations, and, as happened in this case, can require involvement in bankruptcy proceedings. The amounts available for individual litigants are relatively small. In my opinion, it is critical that firms who litigate these class cases receive sufficient remuneration to motivate them and other law firms to represent employees whose WARN Act rights have been violated.

6.  Jeffrey Young and I have interacted at national meetings as colleagues in the practice of Plaintiffs' class action law. I have been impressed with his legal abilities and the outcomes he has achieved in his class action practice.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 7, 2011            /s/ Susan M. Coler_____
                                   Susan M. Coler