UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

STANLEY "DUKE" BENNETT, et al.,

    Plaintiffs,

v.

ROARK CAPITAL GROUP, INC., et al.,
    Defendants.

Civil Action No. 2:09-cv-00421-GZS

## Judgment and Order of Dismissal with Prejudice

The Court, having fully reviewed the Motion for Final Approval of Class Action Settlement and Entry of Final Judgment and Order of Dismissal (Docket # 109) (the "Final Approval Motion"), the supporting memorandum of law, and the Declarations of Jeffrey Neil Young and Maria Fox, GRANTS the Motion without objection and further HEREBY FINDS, ORDERS AND DECREES:

    1.    The capitalized terms used but not defined in this Judgment And Order Of Dismissal With Prejudice have the meaning assigned to them in the Stipulation of Settlement (the "Settlement Agreement") submitted in support of the joint Final Approval Motion.

    2.    The Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all Members of the Class.

    3.    The Court finds that the Class satisfies the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and hereby makes final the conditional certification contained in its Order Certifying Settlement Class, Preliminarily Approving Settlement, Directing Notice to the Class and Establishing Schedule for Further Action (Docket #99) (the "Preliminary Approval Order"), thereby making final the Class defined therein as:

1

All persons who were employed by WSI on March 16, 2009, or who were laid off from WSI either permanently or temporarily within 91 days prior to March 16, 2009; and any other persons who were covered by the WSI health and or dental insurance plan ("the Plan") who incurred costs of treatment which should have been covered by the Plan and whose health or dental claims were received and adjudicated by Health Plans, Inc. prior to the Plan termination as of April 6, 2009.

4. Class Counsel have sought guidance as to the limits of claims that should be included in the Class, as just defined. The Court hereby finds that the Class includes all individuals who were employed by WSI within 91 days prior to March 16, 2009. Thus, to the extent that any individual who was employed by WSI within 91 days prior to March 16, 2009 has filed a timely proof of claim with the Bankruptcy Court for a qualifying health care claim, that individual's health care claim(s) shall be included in determining the recovery for that individual from the Settlement Fund. At the Final Approval Hearing, Class Counsel represented that a total of thirteen (13) individuals who were already listed as eligible for recovery of wages will receive additional health care claim recoveries from the settlement fund pursuant to this ruling.

5. The Court also hereby finds that the Class, as defined, includes "other persons who were covered by the WSI health and or dental insurance plan ("the Plan") who incurred costs of treatment which should have been covered by the Plan" only to the extent that the related health or dental claims were "received and adjudicated by Health Plans, Inc. prior to the Plan termination as of April 6, 2009." Thus, the Court hereby ORDERS that Class Counsel exclude from the settlement allocation any claims for medical or dental bills by individuals who were not employed by WSI within 91 days prior to March 16, 2009 if said claims were not received and adjudicated by HPI prior to April 6, 2009. At the Final Approval Hearing, Class Counsel indicated that one class member would be impacted by this ruling.

6. The Court further finds that the time period provided for Class Members to object or request exclusion – thirty days from mailing of the Notice – is sufficient and complies with the requirements of due process. To date, no Class Members have objected or requested

exclusion as required by the Notice.[1]  Therefore, the above-captioned Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Members of the Class as against the Defendants and the other Released Parties.  The parties are to bear their own costs, except as awarded by the Court and under the relevant terms of the Settlement Agreement.

7. The notification provided for by the Defendants pursuant to 28 U.S.C. § 1715(b), the Class Action Fairness Act of 2005, which notice was served within ten days after the proposed Settlement was filed with the Court, was in compliance with 28 U.S.C. § 1715(b).

8. The notification provided to the Class Members by Class Counsel was in compliance with the Preliminary Approval Order.  The Court finds that the notice mailed to all Class Members fairly and adequately described the litigation, the Class, the proposed Settlement, the manner in which Class Members could object to or participate in the Settlement, and the manner in which Class Members could opt out of the Class.  The Court further finds that the notice was the best notice practicable under the circumstances and that it complied fully with the Federal Rules of Civil Procedure and constitutional due process, including Fed. R. Civ. P. 23(e), as it afforded Members of the Class with an adequate opportunity to review and object to Class Counsel's motion for attorney's fees and costs.  The Court therefore finds that a full and fair opportunity has been afforded to Class Members to participate in the proceedings convened to determine whether the proposed Settlement should be given final approval.

9. Fed. R. Civ. P. 23(e) provides that a class action shall not be dismissed or compromised without court approval following "a hearing and on finding that the [compromise] is fair, reasonable, and adequate."  The Court concludes that this Settlement is fair, reasonable, and adequate, in light of the benefits to the Class, the complexity, expense, and possible duration

---

[1] At the Final Approval Hearing, Class Counsel indicated that two class members were mailed packets on April 1, 2011 and April 14, 2011.  Thus, as to these two class members, the thirty day deadline has not yet passed. Nonetheless, both of these individuals have returned W-9 forms, which indicates their intention to participate in the Settlement and neither appeared at the Final Approval Hearing.  The Court notes that even if these two individuals were to object or opt out of the settlement, those actions would not impact the 98 percent participation threshold required under the terms of the Settlement. (See Stipulation of Settlement (Docket # 94) at 12.)

of further litigation against the Defendants, the risks of establishing liability and damages, and the costs of continued litigation.

10. The Court further finds that the Settlement recited in the Settlement Agreement is the result of arm's length negotiations between experienced counsel representing the interests of Plaintiffs, the Class, and Defendants, and that it is in the best interest of the Class. Accordingly, the Court hereby finally and unconditionally approves the Settlement, which shall be consummated in accordance with the terms and conditions of the Settlement Agreement.

11. The Court finds that Food and Medicine is a qualified 501(c)(3) non-profit charitable organization appropriate to serve as the cy pres beneficiary of any undistributed funds. In the event that any class member does not claim his or her proceeds from the settlement fund within two years from the Effective Date, Class Counsel shall provide those unclaimed proceeds to this designated cy pres beneficiary.

12. Upon the Effective Date, Plaintiff and each member of the Class shall be deemed to have, and by operation of this Judgment And Order Of Dismissal With Prejudice shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Defendants and the other Released Parties, as set forth in the Settlement Agreement. All Members of the Class are hereby forever barred and enjoined from prosecuting the Released Claims against the Defendants and the other Released Parties.

13. This action is hereby dismissed with prejudice; provided, however, that, without affecting the finality of this Judgment And Order Of Dismissal With Prejudice, the Court hereby retains exclusive and continuing jurisdiction for purposes of supervising, administering, implementing, interpreting, and enforcing this Judgment And Order Of Dismissal With Prejudice, as well as the Settlement Agreement.

14. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement or the Effective Date does not occur, this Judgment And Order Of Dismissal With Prejudice shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and, in such event, all orders

entered and releases delivered in connection herewith and therewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

15. Any order entered regarding the attorneys' fees and expense application submitted by Class Counsel shall in no way disturb or affect this Judgment And Order Of Dismissal With Prejudice and shall be considered separate from this Judgment And Order Of Dismissal With Prejudice.

SO ORDERED.

      /s/ George Z. Singal
      United States District Judge

Dated this 28th day of April, 2011.