# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| STANLEY "DUKE" BENNETT, et al., <br><br>    Plaintiffs, <br> v. <br><br> ROARK CAPITAL GROUP, INC., et al., <br>    Defendants. | Civil Action No. 2:09-cv-00421-GZS |

## ORDER ON MOTION FOR ATTORNEYS' FEES

Before the Court is Plaintiffs' Motion for Attorneys' Fees and Litigation Expenses (Docket # 110). For the reasons explained herein, the Motion is GRANTED WITHOUT OBJECTION.

## I.  LEGAL STANDARD

In accordance with Federal Rule of Civil Procedure 23(h), a court may award reasonable attorney's fees and nontaxable costs in a certified class action. "Whether or not there are formal objections, the court must determine whether a fee award is justified, and, if so, set a reasonable fee." 2007 Adv. Comm. Note to Fed. R. Civ. P. 23(h). There are generally two methods for awarding attorneys' fees from a common fund: (1) the percentage of fund (POF) method or (2) the lodestar method. In the First Circuit, the POF method is generally the "prevailing" approach. See, e.g., In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 307 (1st Cir. 1995).

In determining whether the amount of a requested fee is reasonable, the Court considers multiple factors, including: "(1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to properly perform the legal services; (2) the likelihood that acceptance of the particular employment will preclude other employment by the

1

lawyers or their law firms; (3) the fee customarily charged for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent." Sylvester v. CIGNA Corp., 401 F. Supp. 2d 147, 151 (D. Me. 2005).

## II.  DISCUSSION

This case was initially filed on September 8, 2009. Plaintiffs survived a motion to dismiss that was the subject of extensive briefing and oral argument before both the Magistrate Judge and this Judge. On January 7, 2011, the parties notified the Court that they had reached a settlement after a day-long mediation session. Under the terms of the Settlement,[1] $1.1 million is being placed in a common fund to be distributed amongst 162 class members. The Court preliminarily approved the Settlement on February 23, 2011 and ordered that the Class receive notice and an opportunity to object to the proposed settlement. The Court held a Final Approval Hearing on April 27, 2011 at which no one objected to the terms of the Settlement. On April 28, 2011, this Court entered its Judgment and Order of Dismissal upon finding that the Settlement was "fair, reasonable and adequate, in light of the benefits to the Class, the complexity, expense, and possible duration of further litigation against the Defendants, the risks of establishing liability and damages, and the costs of continued litigation." (Judgment (Docket # 123) ¶9.)

Class Counsel now request that they be awarded one-third of the common fund to cover their fees and expenses. The Court has received no objection to this request.

---

[1] In the context of this Order, the term "Settlement" means the agreement of the parties found in the Stipulation of Settlement (Docket # 94), as clarified and approved by the Court's April 28, 2011 Judgment and Order of Dismissal (Docket # 123). The term "Class" is likewise defined in these same documents.

2

As calculated in the submissions in support of final approval, the total estimated of damages for the Class on all pending claims was $2,139,924.25. Thus, the $1.1 million settlement in this case reflects a 51.4 percent recovery. (See Ex. 2 to Young Decl. (Docket # 111-2).) As detailed in the declarations of counsel (Docket #s 112 & 118), Attorney Young and Attorney Fox, who have served as Class Counsel, have engaged in significant outreach efforts to notify all 162 class members of the Settlement and provide each class member with an estimate of their individual recovery from the common fund. These estimates clearly reflected a one-third deduction for attorney's fees. As of April 20, 2011, at least 147 class members have returned the necessary paperwork to receive payouts from the common fund. This reflects a positive response rate of over ninety percent. While this Class may be smaller than some, in the Court's experience, this response rate is truly exceptional and Class Counsel are to be commended for their notice and outreach efforts. Overall, the Court concludes that Class Counsel have achieved significant and timely results in a case that was complex and carried substantial risks of limited recovery.

Notably, the class representative in this matter signed a forty percent contingency agreement in July 2009. (Fox Decl. ¶13.) According to the submissions of Counsel, one-third fee awards are common in WARN cases and are necessary to encourage enforcement of the WARN Act by employees and their private counsel. (See Roupinian Decl. (Docket # 113) ¶¶ 7-9; Coler Decl. (Docket # 116) ¶¶4-5.) In short, the request for an award of one-third of the common fund reflects a fee that is customary and, in fact, less than what was initially bargained for by the class representative.

To the extent the lodestar approach can serve as a cross check on any POF award, Class Counsel estimated that the total lodestar as of April 20, 2011 was $256,502.73 (Young Decl.

¶32.) Ultimately, the POF approach yields an award that exceeds the lodestar amount by approximately $100,000 in this case. Nonetheless, giving due weight to all of the relevant factors, the Court believes that Class Counsel in this matter are entitled to the customary one-third fee to cover their fees and costs. In the Court's opinion, such an award is not only customary but, in this case, supported by the complexity of the case, the results achieved for the class, and the degree to which this case precluded each attorney from accepting other work.

## III. CONCLUSION

Therefore, Plaintiffs' Motion for Attorneys' Fees and Litigation Expenses (Docket # 110) is hereby GRANTED WITHOUT OBJECTION and the Court awards Class Counsel a total fee of $366,666.67 from the Settlement Fund.

SO ORDERED.

                                                   /s/ George Z. Singal  
                                                   United States District Judge

Dated this 4th day of May, 2011.